In the Matter of the Estate of BENITO CONDE, Deceased.

Surrogate's Court, Columbia County, July 22, 1932.

*Abram Miner*, for Ernesto Freyre, Spanish Consul General and for James Mattis.

*Connor & Eaton*, for William J. McDonald.

*Harold Fritts*, for Hugh McC. Potter, Columbia county treasurer.

CHACE, S. The decedent, Benito Conde, died in the town of Greenport, Columbia county, on or about the 25th day of May, 1932. It appears that he had been in the employ of the Lone Star Cement Company at its plant in the said town of Greenport for about ten years and that he resided during that period of time in the city of Hudson. On the day in question he was run into by an automobile while he was walking on the State highway to his home and he died shortly thereafter at the Hudson City Hospital.

It appears from the records in this case that decedent had no heirs at law or next of kin residing in the State of New York, but that he left him surviving a widow and two children residing at

En Brandin, Orense, Spain. Decedent was a Spaniard by birth, but it does not appear in the records whether he was a naturalized American citizen or not.

Shortly after the death of decedent, a creditor of deceased filed a petition for the appointment of himself as administrator of the estate of deceased. This was followed by three other petitions, one on behalf of a friend residing in Columbia county, another on behalf of the Spanish Consul General located in the city of New York, and another on behalf of the county treasurer of the county of Columbia, as public administrator. The question for the court to determine in the instant case is who would probably represent the parties interested in the estate as administrator thereof.

The decedent left little personal property, not exceeding the value in all of fifty dollars, consisting of a small amount of cash, clothing and personal effects. It is alleged, however, that the administrator to be appointed has the right of an action against the owner of the car causing the death of said deceased by operating the car on the public highway in a negligent and careless manner and the petitions ask for limited letters of administration for the right to maintain such action.

Section 118 of the Surrogate's Court Act sets forth the order in which letters of administration must be granted and the court has no power or authority to deviate from the terms of the law as he has no discretionary power therein and the order is mandatory. As there are no heirs at law or next of kin within the State of New York, the appointment would seem to go by law to the public administrator, unless the law provides for the appointment of a Consul in preference thereto. There is no doubt that a public administrator has prior preference to the creditor who is an undertaker. The Spanish Consul General in his petition claims his right to appointment under the Surrogate's Court Act and refers particularly to article 27 of the treaty of 1902 between the United States and Spain* which, he claims, gives him preference to be appointed such administrator. This question has been before the Surrogate's Court in various counties in many instances and there has been established apparently no definite rule, although it seems to this court that the intent of the treaty referred to and all similar treaties was to qualify the Consul Generals and Consuls to act as administrators when no other suitable person who had a prior or equal right had applied for such appointment and that in all cases it was the duty of such Consul Generals and Consuls to see that the estates were properly conserved and upon accountings to see that the proceeds were received by those entitled thereto.

Such treaties were prepared to prevent discrimination against

---

*See 33 U. S. Stat. at Large, 2119.

those of foreign birth leaving descendants in their respective countries, rather than to discriminate in favor of them as against the orderly procedure of our courts. It would have been very easy for our government in the case of those treaties, had it been so intended, to amplify the law and direct the appointment of such Consul Generals absolutely, but the court does not believe that that was the intent, nor does it believe that the United States government intended to interfere with the jurisdiction of the courts of New York, even had it had the constitutional right so to do.

For the above reason the court is of the opinion that the public administrator is the person to whom limited letters of administration should be issued, for the reason that he is the first person in the instant case entitled thereto and that as such public administrator he could more properly execute the duties required in the present case, especially as it is extremely doubtful whether the Consul General has the right to maintain such an action under the law of our State, to compromise any such action or to give a release for the damages in case any were awarded.

Therefore, it is ordered that limited letters of administration may be issued to the county treasurer of Columbia county.