## In the Matter of the Estate of LENA KARP, Deceased.

Surrogate's Court, Saratoga County, July 30, 1937.

*Schwarte, Slade, Harrington & Goldsmith* [*John A. Slade* of counsel], for the petitioners Sigmund Karp and Morris Karp, as executors, etc., of William Karp, deceased.

*Breitbart & Breitbart* [*Bernard Breitbart* and *William Edelson* of counsel], for the petitioner, Yetta Finger.

Tuck, S. This is a proceeding upon the petitions, *first*, on the part of the executors of the deceased husband of Lena Karp, deceased, and *second*, of Yetta Finger, a sister of Lena Karp, deceased. The facts disclose a situation concerning which there is no direct authority in the courts of this State.

Lena Karp died intestate. She was survived by her husband, William Karp, and by brothers and sisters. William Karp, the husband, in proceedings in the Surrogate's Court of Saratoga county, became appointed administrator of the estate of his deceased wife. Within a few weeks of the date of his appointment William Karp died leaving his will which was admitted to probate by the Surrogate's Court of Saratoga county and letters testamentary issued to Sigmund Karp and Morris Karp, the executors named in his will.

Little, if anything, had been accomplished in the way of administration of the estate of Lena Karp at the date of her husband's death.

Yetta Finger, a sister of Lena Karp, deceased, files a petition setting forth the usual jurisdictional facts, and particularly that upon information and belief all of the real and personal property of which the decedent died seized and possessed is reasonably worth at least the sum of $15,000.

The petition of Morris Karp and Sigmund Karp recites the usual jurisdictional facts and alleges that the value of the personal property of the deceased does not exceed the sum of $5,000.

Upon these petitions proceedings were consolidated and a hearing had upon which it appears that the personal property of which Lena Karp died seized and possessed was well below the sum of $10,000. There is a difference of opinion, however, as to the value of the real estate of which Lena Karp died seized and possessed and the total value of the real and personal estate is claimed by Yetta Finger, as disclosed upon said hearing to be about $14,500.

The decision of the issues will turn upon the question whether the husband's estate, or his legal representatives will take the entire personal estate, or whether the brothers and sisters of Lena Karp will share in the personal estate.

The right of administration is regulated by section 118 of the Surrogate's Court Act and is mandatory. There is no discretion vested in the surrogate in respect to whom administration shall be granted.

The provisions of section 118 of the Surrogate's Court Act are now as they have been for many years past as to their principal provisions and, namely, that " administration in case of intestacy must be granted to the persons entitled to take or share in the personal property," etc., and that " If a person entitled to take all of the personal property is an infant, or an incompetent, or has died, his guardian, committee or legal representative, as the case may be, shall have a prior right to letters in his place and stead."

Paragraph 1 of section 83 of the Decedent Estate Law reads: " The real property of a deceased person, male or female, not devised, shall descend and the surplus of his or her personal property after payment of debts and legacies, and if not bequeathed, shall be distributed to the surviving spouse, children, or next of kin or other persons, in the manner following:" Then follow several subdivisions. the fourth of which reads: " If the deceased leaves a surviving spouse, and no descendant, parent, brother or sister, nephew or niece, the surviving spouse shall be entitled to the whole thereof; but if there be a brother or a sister, nephew or niece and no descendant or parent the surviving spouse shall take ten thousand dollars and one-half of the residue, and the balance shall descend and be distributed to the brothers and sisters and their representatives."

It is further significant that, although the same persons now receive the real and personal estate of an intestate decedent, they do so primarily through the ancient processes of descent and of distribution, and the Legislature has maintained this distinction not only by retaining the ancient division of real and personal property and the ancient ways of devolution of ownership but also by continuing the provisions of section 118, which makes an interest in personal property the sole basis of rights to administration.

The court finds no language from which it can be determined that the Legislature intended that the real and personal property of a decedent should be regarded as an entity.

The court is impressed that the action of the Legislature in the revision of the Statutes of Distribution and Descent and in continuing the language of section 118 as formerly did not do so by accident, but did so by design, and that there was a purpose in the Legislature's action. It seems to this court that the language of subdivision 4 of section 83 of the Decedent Estate Law, where it says: " The surviving spouse shall take ten thousand dollars and

one-half of the residue, and the balance shall descend and be distributed to the brothers and sisters of the representatives," has stamped the $10,000 provision with a character which cannot be disregarded. Ten thousand dollars is a description which identifies personal property.

If in a will of a decedent provision is made that a certain person shall take $10,000 it is not conceivable that this language would be considered by any court as other than a legacy of personal property, nor would the character of such a legacy be changed if the legacy of $10,000 was further charged upon the real estate.

The personal funds of a decedent making such provision in his will would be the primary funds from which the legacy would be paid, and the real estate resorted to only where the personal estate was not sufficient and the real estate resorted to only to the extent of the deficiency.

If the foregoing views of this court are correct, then the personal property of Lena Karp being considerably less than $10,000, the husband was entitled to take the whole thereof, and that his representatives are consequently entitled to the award of administration.

Submit decree accordingly upon notice.