Page, S.
Frank Parisi, the decedent above named, died intestate, a resident of the County of Broome, New York, on the 15th day of June, 1955. The distributees of his estate consist of his widow, Josephine Parisi, of the City of Binghamton, New York, and a sister, Grace Puglisi, of the Town of Binghamton, Broome County, New York, and, also, several brothers and sisters, all nationals and residents of Italy.
The said Josephine Parisi, widow of said deceased, is an incompetent person and a patient at Binghamton State Hospital, of Binghamton, New York. The petitioner herein is the committee of her person and property.
According to an agreed statement of facts filed herein, said deceased died possessed of personal property not exceeding in value the sum of $2,139.54. Stipulated fact No. “ (5) ”, as contained in said agreed statement of facts, states, “ That on November 11, 1954, a deed was executed by Frank Parisi to Frank Parisi, Peter Puglisi and Violanda Puglisi conveying premises in the Town of Binghamton, Broome County, New York, (the grantees being the grantor himself, together with a nephew and niece in joint tenancy), which deed was recorded in the Broome County Clerk’s Office on June 16th, 1955 in Liber 898 of Deeds at page 335.” The surviving grantees are children of said Grace Puglisi, the only one of the surviving sisters of said deceased living in this country.
*294 According to oral argument and the respective memoranda submitted by counsel for the petitioner and counsel for respondents, the paramount objective of the petitioner in seeking limited letters of administration herein is so that he would, thereby, become in a better legal position to institute an action in another court for the cancellation of said deed. Apparently, the theory in support of such an action would be, the grantor of said deed having, as long as he lived, continued to reside in the premises which purportedly, were thereby conveyed and the deed having been withheld from recordation until after his death, and no consideration having been paid therefor by either of the surviving grantees, that the transaction was and is in fraud of creditors of the decedent in his lifetime and now of his estate and also illusory, being, in effect, a device designed to deprive decedent’s widow of her rights in his estate as delineated by subdivision 4 of section 83 of the Decedent Estate Law, viz., all of the first $10,000 of the estate’s assets and one half of the residue.
It appears that much the most valuable asset of the estate of the deceased herein is, or would have been had he not executed the above-mentioned deed, the real property described in said deed. It further appears that there may be a litigable issue as to whether or not this deed is subject to cancellation in equity, but, of course, such an issue would be determinable in another court. The petitioner’s main objective in the present proceeding is to obtain his appointment as administrator of the estate of the deceased herein as a preliminary step toward instituting an action pursuant to the provisions of section 268 of the Eeal Property Law. In this connection, he advances the contention that, the choice of possible appointees as such administrator, lying between the petitioner herein as committee of the person and property of the widow and Grace Puglisi, sister of the deceased and the only one of his distributees compos mentis and residing in the United States, unless the petitioner, instead of said Grace Puglisi, is appointed as the administrator, no action to determine title to such real property will ever be instituted for the reason that she, that is Grace Puglisi, would not be disposed to bring any such action against the survivors of the joint grantees under the above-mentioned deed, they being her own children.
But, entirely aside from any practical question any of the parties may have in mind concerning real property that might be recovered for the estate, the appointment of an administrator is, even though it is a small amount, most, if not all, exempt to the widow under section 200 of the Surrogate’s Court Act, *295 necessary for the purpose of administering the personal property of the estate.
The selection of the appointee to this position is dependent upon, as between the petitioner and said Grace Puglisi, which of them, if either, has a prior right to such appointment. As to the determination of priorities among competing applicants for the grant of letters of administration, the provisions of section 118 of the Surrogate’s Court Act govern, and they are mandatory. (Matter of Conde, 144 Misc. 357.) Paragraph 1 of this section provides for a succession of priorities, the first in line being a surviving spouse. Therefore, but for the fact that the widow in this case is an adjudged incompetent person, she would have an unquestionable priority, and the petitioner herein, in his capacity as committee, has no legitimate purpose or function but to represent her.
Although, in proceedings for the appointment of an administrator, any necessity for going further than the first paragraph of section 118 of the Surrogate’s Court Act is comparatively infrequent, this is a case where, in an endeavor to find a definitely controlling provision, a further examination of provisions of this section is requisite. We, therefore, must pass on to the second paragraph of this section which provides: “ If a person entitled to take all the personal estate is an infant or an incompetent or has died, his guardian, committee or legal representative, as the case may be, shall have a prior right to letters in his place and stead except that a guardian of the person only or committee of the person only may respectively be denied letters in the discretion of the surrogate.” (Italics supplied.)
Applying the above-quoted provision to the present facts, the salient considerations are that the petitioner herein is the committee of both the person and property of the widow of the deceased and, as such, may be the representative, a sort of alter ego, of a person “ entitled to take all the personal estate ”. In this case, the personal estate being not in excess of $10,000 and considerably less than this amount, the incompetent widow is, under the provision of subdivision 4 of section 83 of the Decedent Estate Law, clearly entitled to take all thereof. It follows, therefore, that the petitioner, being her committee, has a “ prior right to letters in his [her] place and stead ”.
Reported New York eases construing section 118 of the Surrogate’s Court Act, in its application to a disputed appointment, as between some species of legal representative of an incapacitated distributee and some distributee of a lower rank, as provided by the first paragraph of section 118 of the Surrogate ’s Court Act, despite our surmise that this type of issue *296 must have arisen in hundreds of cases, seem to be very rare, none appellate and only two in courts of original jurisdiction similar enough to serve as precedents in the present instance. These two are Matter of Karp (163 Misc. 855) and Matter of Reilly (165 Misc. 214), both on “ all fours ” with the present case and both determined as this case will be resolved.
Except for the fortuitous circumstance that, in the present instance, the personal estate happens to be of a valuation of less than $10,000, a resolution in favor of the committee of the incompetent widow of the issue of priority in appointment would be impossible because of the word “ all ” as found in the above-quoted second paragraph of section 118 of the Surrogate ’s Court Act. This provision unqualifiedly requires that such an incapacitated distributee must be one who is entitled to take all the personal estate in order that eligibility for appointment may be vested in the person representing him, and, in such case, the representative has an absolute priority. This seemingly inescapable construction of the language of this above-quoted second paragraph was narrowly avoided in the case of Matter of Gallagher (194 Misc. 180) on the ground that a legal representative of a surviving spouse (executor of the estate of a widow who had post-deceased her husband) came so near to taking all of the personal estate that the statute might be subjected to a bit of a strain. In that case, the respondent executor of the husband’s estate was awarded letters of administration de bonis non, but the court indicated that the decision would have been otherwise if the net personal estate, although it might turn out to be slightly in excess of the share of the incapacitated distributee, had not been as small as it was.
It is, therefore, glaringly apparent that, in any case siich as is presently before us excepting that all the personal assets are of an amount greater than the share distributable to an incapacitated next of kin, it could very well and often be that the present provisions of the statute are much too restrictive in that, in relation to the appointment of an administrator to act in what might be the best interest of a decedent’s estate and the major distributees thereof, the court’s having a free hand is prohibited. It would seem that a highly desirable amendment of this section 118 of the Surrogate’s Court Act should be made by eliminating the word ‘ ‘ all ” in the first sentence of its above-quoted second paragraph and substituting therefor, “ at least a one-third distributive share of ”, or, alternatively, a grant of discretionary statutory authority;' with due regard to the categories of priority, to appoint'the representative of an incapacitated distributee. Apparently' rach *297 an amendment would also permit of the deletion of the present confusing and ambiguous third paragraph.
On the basis of the foregoing consideration and construction of provisions of the second paragraph of section 118 of the Surrogate’s Court Act in their application to and controlling effect upon the question presently before us, it appears that the petitioner herein, as the committee of the decedent’s widow, she being in this particular case entitled to take all the personal property, holds a prior claim to the appointment as administrator and, therefore, letters must be issued to him accordingly.